IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Crooks,<br><br>             Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.,<br><br>             Defendants. | No. CV 05-64 PHX-DGC (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on the Court's review of the file. Plaintiff commenced this action on January 6, 2005. (document # 1) On September 23, 2005, the Court granted Plaintiff in forma pauperis status and ordered service on Defendant Arpaio. (document # 3) In that same Order, the Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action.

Thereafter, on September 29, 2005 and October 3, 2005, the Court received returned mail addressed to Plaintiff marked "released." (documents ## 5, 6) The returned mail evidences Plaintiff's failure to comply with the Court's September 23, 2005 Order. In view of Plaintiff's failure to comply with the Court's Order, on September 29, 2005, the Court ordered Plaintiff to show cause on or before November 7, 2005 why his action should not be dismissed without prejudice for failure to comply with Court orders. See, FED.R.CIV.P. 41(b)(stating that the court may dismiss an action for failure to comply with any order of court.)   The Court warned Plaintiff that failure to show cause may result in dismissal of his cause of action without prejudice. (document # 8)

Plaintiff has not responded to the Court's Show Cause Order and has not provided the Court with his correct address as evidenced by returned mail received on October 3, 2005. (document # 5)  The Court, therefore, must determine whether to dismiss this matter based on Plaintiff's failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b).  In determining whether to dismiss an action under Rule 41(b), the district court weighs several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).

Here, Plaintiff has disregarded the Court's order that he advise the Court immediately of any change of address.  A party, not the district court, bears the burden of keeping the court informed of any changes in his mailing address.  Pro se plaintiffs are obligated to follow the same rules as represented parties.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).  The Court's Order granting Plaintiff *in forma pauperis* status contained a standard directive which requires all pro se litigants to keep the court informed of their current mailing addresses, as all other litigants are required to do, to enable the court to communicate with them when necessary.  Plaintiff's failure to advise the Court of his current address not only violates the Court's Order, but also makes it impossible for the Court and defendants to communicate with Plaintiff to resolve this matter.  Thus, in the absence of Plaintiff's address, maintaining this action serves no purpose and only clogs the Court's already busy docket.  Thus, the Court finds it appropriate to dismiss this matter based on Plaintiff's failure to advise the Court of his current address in violation of Court orders.  See, Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)(affirming dismissal of pro se prisoner's action based on failure to advise court of his address).  See also, McInerney v. San Francisco Housing Authority, 2004 WL 2616319 (N.D.Cal. 2004)(dismissing pro se plaintiff's cause of action for failure to keep court informed of his mailing address); Bobb v. FBI, 2003 WL 21697077 (N.D.Cal. 2003)(dismissing pro se litigant's complaint based, in part, on  plaintiff's failure to advise court of his new address for over a year.)

Accordingly,

IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice for failure to comply with Court orders pursuant to FED.R.CIV.P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 22nd day of November, 2005.

Lawrence O. Anderson
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28